

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 28, 1993

Mr. Bryan M. Perot
Executive Officer
Polygraph Examiners Board
P.O. Box 4087
Austin, Texas 78773-0001

Opinion No. DM-223

Re: Whether article 6252-9b, section 7A(a), V.T.C.S., prohibits a former member of the Polygraph Examiners Board from appearing before the board in connection with sponsoring a polygraph intern (RQ-362)

Dear Mr. Perot:

You have asked us to consider whether section 7A(a) of article 6252-9b, V.T.C.S., prohibits a former member of the Polygraph Examiners Board (the "board") from sponsoring a polygraph intern because sponsoring a polygraph intern would require the former board member to apply to the board and communicate to or appear before the board on behalf of the polygraph intern applicant. We believe that section 7A(a) precludes such a sponsorship prior to the second anniversary of the date the person ceased to be a board member.

Article 6252-9b, section 7A(a), V.T.C.S., provides as follows:

> A member of the governing body or executive head of a regulatory agency may not make, with the intent to influence, any communication to or appearance before an officer or employee of the agency in which the person served, before the second anniversary of the date the person ceases to be a member of the governing body or executive head of the agency, on behalf of any person in connection with any matter on which the person seeks official action.

Section 7A(a) prohibits a former board member from appearing before or in some other way communicating to an officer or employee of the regulatory agency the former board member served—but only if the former board member communicates or appears with an intent to influence the members of the governing body. Ethics Advisory Opinion Nos. 44 at 1, 23 at 1, 11 at 1-2 (1992). Additionally, section 7A(a) proscribes such conduct only if the former board member communicates or appears in connection with a matter that the person on whose behalf the former board member communicates or appears seeks official action. Ethics Advisory Opinion No. 44 at 1.

Pursuant to section 8(a) of the Polygraph Examiners Act, V.T.C.S. article 4413(29cc), a person is qualified to receive a license as a polygraph examiner only after, among other things, completing a period of internship training and passing a state

examination for a polygraph examiner's license under the supervision of the board.[1] *See also* 22 T.A.C. § 391.4(1). Prior to participation in an internship program, a person must apply to the board for an internship license. V.T.C.S. art. 4413(29cc), § 13(a). The board will not approve the application for an internship license unless the applicant has designated to serve as the applicant's sponsor a Texas licensed polygraph examiner who has held an original Texas polygraph license continuously for at least two years immediately preceding the application. *See* 22 T.A.C. § 391.3(15). The board may, when it considers the applicant's request for an internship license, require the intern applicant and his or her proposed sponsor to appear before the board. *Id.* § 391.7.

The sponsor continues to communicate to and possibly to appear before the board during the duration of the internship period. For instance, a sponsor must submit to the board progress reports every sixty days on each intern. *Id.* § 391.3(15). Additionally, if the intern fails all or part of the examination that the intern must pass before he or she is eligible to receive a license, the intern and the sponsor must review the failing examination with a member of the board or a member of the board's staff. *Id.* § 391.4(8); *see* V.T.C.S. art. 4413(29cc), § 8(a)(4); 22 T.A.C. § 391.4(1).

In our opinion, a sponsor's communications to and appearances before the board are intended to influence the board to take official action: first, to influence the board to issue the applicant an internship license; second, to influence the board in its decision whether to issue or refuse to issue a polygraph examiner's license to the intern. Accordingly, a former board member who sponsors an intern will violate article 6252-9b, section 7A(a), V.T.C.S., if the former board member does so before the second anniversary of the date the person ceased to be a member of the board.

---

[1]If the person seeking a license as a polygraph examiner has graduated from a board-approved polygraph examiners' course, the person satisfactorily must complete an internship training program of no less than six months in duration. V.T.C.S. art. 4413(29cc), § 8(a)(3). If, on the other hand, the person has not graduated from an approved polygraph examiners' course, he or she satisfactorily must complete an internship training program of no less than twelve months in duration. *Id.*

# S U M M A R Y

Article 6252-9b, section 7A(a), V.T.C.S., prohibits a former member of the Polygraph Examiners Board from sponsoring a polygraph intern before the second anniversary of the date the person ceased to be a member of the board.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General